United States District Court
Northern District of New York

| | |
|---|---|
| RODERICK D. WOODS,<br><br>               *Plaintiff*<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>               *Defendant.* | Civil Action No. 1:13-CV-0620 (DNH/RFT)<br><br>COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

## I. INTRODUCTION

1. This is an action by an individual to secure declaratory and monetary relief, including statutory treble damages and attorney's fees, for the Defendant's violations of the Telephone Consumer Protection Act ("TCPA") 47 U. S. C. §227.

## II. JURISDICTION AND PROCEDURE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of NCO Financial Systems, LLC, (or "NCO") is the collection of debts using the mails and telephone.

6. In fact, NCO regularly attempts to collect debts to be due to another, including consumer debts.

## IV. FACTS

7. Beginning on or about May, 2012, NCO initiated a campaign of harassment against Plaintiff.

8. The Defendant's actions concerned an alleged consumer debt.

9. Upon information and belief, said campaign of harassment included, *inter alia*, written correspondence and telephone calls.

10. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about May 21, 2012 at 10:43 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on May 21, 2012 violated the Telephone Consumer Protection Act.

11. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about May 22, 2012 at 8:06 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on May 22, 2012 violated the Telephone Consumer Protection Act.

12. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 11, 2012 at 8:55 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on June 11, 2012 violated the Telephone Consumer Protection Act.

13. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 12, 2012 at 8:44 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing

device to contact Plaintiff via his cell phone and leaving a voicemail on June 12, 2012 violated the Telephone Consumer Protection Act.

14. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 19, 2012 at 8:59 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on June 19, 2012 violated the Telephone Consumer Protection Act.

15. NCO's actions were willful.

16. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff suffered and continues to suffer emotional distress and physical manifestations of emotional distress. Moreover, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, and weight loss.

V.  Claims For Relief

I. **Defendant's Violation of the Telephone Consumer Protection Act 47 U. S. C. §227 (b) (1)(A)(iii)**

17. Paragraphs 1-16 are re-alleged as if fully re-stated.

18. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about May 21, 2012 at 10:43 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on May 21, 2012 violated the Telephone Consumer Protection Act.

19. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about May 22, 2012 at 8:06 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on May 22, 2012 violated the Telephone Consumer Protection Act.

20. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 11, 2012 at 8:55 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on June 11, 2012 violated the Telephone Consumer Protection Act.

21. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 12, 2012 at 8:44 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on June 12, 2012 violated the Telephone Consumer Protection Act.

22. NCO, using an artificial or pre-recorded voice recording and/or auto-dialing device, on or about June 19, 2012 at 8:59 a.m., contacted the Plaintiff and left a voicemail on his cell phone. NCO's actions in using an artificial or pre-recorded voice and/or auto-dialing device to contact Plaintiff via his cell phone and leaving a voicemail on June 19, 2012 violated the Telephone Consumer Protection Act.

23. Defendant's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemails on March 23, 2012, March 29, 2012, March 31, 2012, and April 2, 2012, were repetitive and willful, and violated the Telephone Consumer Protection Act.

24. As such, Plaintiff is entitled to statutory triple damages pursuant to the Telephone Consumer Protection Act.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the TCPA.
2. All costs and disbursements of this action.
3. Statutory damages pursuant to 47 U. S. C. § 227.
4. Actual damages pursuant to 47 U. S. C. § 227.

4

5. An award of reasonable attorney's fees.

6. An award of punitive damages.

7. Damages pursuant to §349(a) of the NY Gen. Bus. Law.

Respectfully Submitted,

*Roderick D. Woods, Esq.*
Attorney for Plaintiff

Roderick D. Woods, Esq.
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
Northern District Bar Roll No. 515559
Tel.    (860) 249-7056
Fax.    (860) 249-7001
E-Mail. rwoods@rdw-law.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

*Roderick D. Woods, Esq.*
Attorney for Plaintiff

Roderick D. Woods, Esq.
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
Northern District Bar Roll No. 515559
Tel.    (860) 249-7056
Fax.    (860) 249-7001
E-Mail. rwoods@rdw-law.com